J-S30042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRIN NED EDWARDS | : | |
| | : | |
| Appellant | : | No. 573 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 30, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001238-2020

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED SEPTEMBER 16, 2022**

Darrin Ned Edwards (Edwards) appeals from the judgment of sentence imposed in the Court of Common Pleas of Montgomery County (trial court) following his bench conviction of Driving Under the Influence of Alcohol or a Controlled Substance (DUI—combined influence of alcohol and a drug or combination of drugs), and the summary offense of Following Too Closely.[1] Edwards challenges the sufficiency of the evidence supporting his DUI conviction by disputing the element of his drug impairment.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(d)(3), 3310(a).  The trial court found Edwards not guilty of DUI—general impairment (alcohol), 75 Pa.C.S. § 3802(a).

**I.**

**A.**

This case arises from an October 23, 2019 two-vehicle accident involving Edwards. At 11:45 p.m., Pennsylvania State Trooper Stephen Dozier and his partner, Trooper First-Class George A. Groves, IV, responded to a report of a crash that occurred at the top of a highway on-ramp. Upon arrival at the scene, Edwards admitted to rear-ending the vehicle in front of him, which had sustained heavy damage. The troopers arrested Edwards after he exhibited multiple indicia of intoxication.

**B.**

At the November 30, 2021 bench trial, Trooper Dozier testified that he has been a state trooper for over ten years and has received training focused on the detection of impaired drivers. He has made hundreds of DUI arrests, including 40-50 that were drug-related. (**See** N.T. Trial, 11/30/21, at 13). Based on his training and experience, Trooper Dozier identified the following indicators as typical of alcohol impairment: bloodshot, glassy eyes, the odor of alcohol on a person's breath, slurred speech, swaying and difficulty maintaining balance. With regard to drug impairment, Trooper Dozier looks for a "sluggish reaction. Their pupil size is a huge indicator, along the lines of being constricted, as opposed to dilated, which means a wider eye." (**Id.** at 14).

Regarding the night of the incident, Trooper Dozier recounted that when he and Trooper Groves arrived at the scene, Edwards was walking along the shoulder of the highway near his car. Edwards admitted to the troopers that he had rear-ended the vehicle in front of him after it had stopped at the top of the on-ramp. Trooper Dozier "observed a heavy odor of alcoholic beverage emanating from [Edwards'] person [and] his eyes were bloodshot and glassy. Further [Edwards had] a blank stare; it basically looked like he was looking beyond me. And his pupils were restricted, smaller than normal size." (*Id.* at 17-18). Edwards was not swaying back and forth at all and was instead slowly and sluggishly "just walking, barely walking [and] resting upon the concrete barrier on the side of the highway." (*Id.* at 18). Trooper Dozier opined that because of "his actions and his eyes, it was a combination of alcohol and drugs that [Edwards] was under, incapable of safely operating a vehicle." (*Id.* at 19). The trooper also explained that because Edwards' pupils were constricted as opposed to dilated and large in size associated with alcohol use only, he believed that Edwards was under the influence of drugs and alcohol combined, with his blank stare indicating opioid use.

Edwards was uncooperative with Trooper Dozier's requests, refused to produce identification, and immediately requested an attorney. The troopers handcuffed Edwards after he extended his wallet containing his license behind him over the concrete barrier. Trooper Dozier did not administer field sobriety tests because of Edwards' combative behavior and for safety reasons, as

- 3 -

vehicles were passing by them on the highway. Edwards did not respond to the troopers' questions and he refused to submit to a blood draw.

Trooper Groves testified that he has been a state trooper for 15 years, a trooper first-class for three years, and that he has received training for detecting impaired and drug-impaired driving. He has made over 200 DUI arrests, with over 100 of these drug-related. Trooper Groves testified that indicators for alcohol impairment include bloodshot, glassy eyes, slurred speech and unsure footing, while individuals under the influence of drugs typically have a blank stare. Signs of opioid use are "sleepiness, blank stares, sometimes slurred speech, aggressive. They can be passive, also [and] usually [have] constricted pupils." (*Id.* at 49).

On the night of the incident, Trooper Groves first made contact with Edwards to assist Trooper Dozier in handcuffing him. Trooper Groves "smelled a strong odor of alcoholic beverage on his breath. He had bloodshot eyes, glassy, constricted pupils . . . [and] a blank stare. He was not talkative at all." (*Id.* at 50-51). Trooper Groves opined based on his observations that Edwards was under the influence of a combination of alcohol and drugs to a degree rendering him incapable of safe driving.

At the conclusion of trial, the trial court found Edwards guilty of DUI—combined influence of alcohol and drug(s) and the summary traffic offense. The court sentenced Edwards to a six-month term of DUI restrictive probation, with the first 72 hours on house arrest with electronic monitoring.

The trial court denied Edwards' post-sentence motion in February 2022. Edwards timely appealed and he and the trial court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b). In its opinion, the trial court explained its determination that the Commonwealth had established all elements of Section 3802(d)(3) based on: Edwards' admission that he had rear-ended the vehicle in front of him; his passive aggressive behavior towards the troopers; and the troopers' opinions, based on years of training and experience, including many drug-related DUI arrests, that Edwards was under the combined influence of alcohol and drugs that impaired him to an extent he could not safely drive as shown by his bloodshot, glassy eyes, constricted pupils, blank stare, odor of alcohol on his breath and his refusal to submit to a blood draw. (Trial Court Opinion, 4/14/22, at 7-8).

## II.

## A.

Edwards challenges the sufficiency of the evidence supporting his DUI conviction by disputing the element of his drug impairment. (*See* Edwards' Brief, at 9).[2] While Edwards concedes the evidence shows he was under the

---

[2]

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In

*(Footnote Continued Next Page)*

- 5 -

influence of alcohol, he contends that the Commonwealth failed to establish he was under the influence of drugs to a degree rendering him unable to safely drive. According to Edwards, the "only evidence" the Commonwealth presented to show he was impaired by a controlled substance was the troopers' "observations that [his] pupils were constricted and that he had a blank stare." (*Id.* at 10, 12-13).

**B.**

Section 3802 prohibits driving while impaired by the combined influence of alcohol and drug(s) and reads in relevant part as follows:

> § 3802. Driving under influence of alcohol or controlled substance
>
> &ast;  &ast;  &ast;

---

addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Grays*, 167 A.3d 793, 806 (Pa. Super. 2017) (citation omitted).

**(d) Controlled substances.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

\* \* \*

(3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(3).

To sustain a conviction for DUI under Section 3802(d)(3), the Commonwealth must establish that the defendant was impaired, that he was incapable of safely driving, and that his impairment was caused by the combined influence of alcohol and a drug or combination of drugs. ***See id.***; ***see also Commonwealth v. Graham***, 81 A.3d 137, 146 n.6 (Pa. Super. 2013).

With regard to chemical testing and a drivers' refusal to submit to it, the Vehicle Code provides:

**(a) General rule.**—Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of section . . . 3802 (relating to driving under influence of alcohol or controlled substance)[.]

\* \* \*

**(e) Refusal admissible in evidence.**—In any summary proceeding or criminal proceeding in which the defendant is

charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S. § 1547(a), (e).

## C.

Instantly, the trial court concluded that the Commonwealth presented substantial evidence of Edwards' impairment by both alcohol and drugs to a degree that he was incapable of safe driving. In rendering its decision, the trial court explained:

Contrary to Defendant's 1925(b) assertion, Defendant's conviction was based on significantly more than just the troopers' observation that Defendant had constricted pupils and a blank stare. The troopers came upon the scene of an accident at 11:45 p.m. where Defendant admittedly rear-ended the car in front of him. Defendant was outside his vehicle when the troopers arrived. He was passively aggressive and uncooperative. Both troopers testified that they had received training in the detection of drug-impaired drivers. Both troopers had significant experience in making DUI arrests. Tpr. Dozier testified credibly that in his 10-year career he had made a few hundred DUI arrents, of which 40-50 were drug-related. Tpr. Groves testified credibly that in his 15-year career, he had made over 200 DUI arrests, of which over 100 were drug-related.

Both troopers opined, based on their training and experience, that Defendant was under the influence of drugs due to his constricted pupils and blank stare. Both troopers also noted Defendant's glassy, bloodshot eyes, and the smell of alcohol on his breath. Finally, Defendant refused to submit to a blood draw.

(Trial Ct. Op. at 7).

The record supports the trial court's assessment that the Commonwealth met its burden of proof with regard to all elements of Section 3802(d)(3), including those concerning Edwards' drug impairment. Troopers Dozier and Groves identified at trial, based on their extensive training and experience, several common indicators of drug impairment, including constricted pupils (as opposed to the wide dilation associated with only alcohol use), a blank stare, a sluggish reaction and aggressive or passive behavior. The troopers further testified that consistent with these indicators, Edwards exhibited constricted pupils, a blank stare, a sluggish reaction and passive aggressive behavior. Additionally, when they arrived at the scene, Edwards was not swaying back and forth at all and was instead slowly and sluggishly "just walking, barely walking." (N.T. Trial, at 18).

These factors, coupled with Edwards' bloodshot, glassy eyes and the strong odor of alcohol on his breath supports the trial court's determination that he was under the influence of both alcohol and an opioid. Further, Edwards' inability to drive safely was evidenced by his admission that he crashed into the vehicle in front of him while it was stopped and the impact was forceful enough to cause heavy damage.

In sum, viewing the totality of the evidence presented at trial in the light most favorable to the Commonwealth as verdict winner, the evidence amply supports the trial court's conclusion Edwards was unable to drive safely and

that this inability was caused by the combined influence of drugs and alcohol.[3]

*See Grays*, *supra* at 806. Accordingly, the evidence was sufficient to establish that Edwards violated Section 3802(d)(3).

Judgment of sentence affirmed.

_____

[3] We find Edwards' reliance on **Commonwealth v. Etchison**, 916 A.2d 1169 (Pa. Super. 2007), *aff'd*, 943 A.2d 262 (Pa. 2008), and **Commonwealth v. Gause**, 164 A.3d 532 (Pa. Super. 2017), unavailing as both cases are readily distinguishable from the facts of this case. (**See** Edwards' Brief at 11-12). In **Etchison**, we held that the evidence was insufficient to convict the defendant under Section 3802(d)(3) where "**no evidence** was presented to suggest that Appellant was under the influence of a drug or combination of drugs." **Etchison**, *supra* at 1172 (factors including odor of alcohol on defendant's breath, glassy bloodshot eyes, slurred speech, and BAC of .05% indicated alcohol intoxication only). In contrast, as detailed above, Edwards showed multiple signs that he was under the influence of an opioid. If fact, the trial court acquitted him of the DUI-general impairment charge (alcohol only) because the evidence reflected that he was impaired by drugs in addition to alcohol.

In **Gause**, we vacated the defendant's conviction under subsection (d)(2) (DUI—drug or combination of drugs) because the **only factor** the arresting police officer potentially attributed to marijuana use was her observation of Gause's body/eyelid tremors, which is not a typical indicia of marijuana use. We found that because tremors are not a standard indicator, the Commonwealth was required to present expert testimony to establish any nexus with drug use, as opposed to only the lay opinion of the police officer. We vacated the conviction because "there was a **total lack of proof that Gause was under the influence of a drug** to a degree that his ability to safely drive was impaired," where Gause was cooperative during the traffic stop, there was no odor of marijuana, no testimony that his eyes were bloodshot and the traffic stop was for a minor taillight infraction rather than a violation indicating he was not able to drive safely. **Gause**, *supra* at 540. These circumstances are inapposite to those in this case, as Edwards exhibited several signs of drug impairment and his inability to drive safely was made plain by his impactful crash into the stopped vehicle in front of him.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2022